T.C. Memo. 1998-190

UNITED STATES TAX COURT

THOMAS W. BOOZER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9328-97.                     Filed May 26, 1998.

Thomas W. Boozer, pro se.

Audrey Morris, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Chief Judge:  Respondent determined deficiencies in
Federal individual income tax and additions to tax under sections
6651(a)(1) (failure to file) and 6654 (underpayment of estimated
income tax) against petitioner as follows:

| Year | Deficiency | Additions to Tax, I.R.C. | |
| --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1989 | $3,274 | $  819 | $221 |
| 1990 | 3,469 | 867 | 228 |
| 1991 | 3,611 | 903 | 208 |
| 1992 | 3,329 | 832 | 145 |
| 1993 | 3,180 | 795 | 133 |
| 1994 | 7,398 | 1,850 | 381 |
| 1995 | 2,772 | 693 | 151 |

Unless indicated otherwise, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The parties have stipulated that the correct deficiencies are as follows:

| Year | Deficiency |
| --- | --- |
| 1989 | $2,900 |
| 1990 | 2,686 |
| 1991 | 2,860 |
| 1992 | 798 |
| 1993 | 576 |
| 1994 | 268 |
| 1995 | 0 |

Further, respondent conceded the additions to tax for 1994 and 1995.

The issue for decision is whether petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file timely returns and section 6654 for underpayment of estimated tax for each of the tax years 1989 through 1993.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Dallas, Texas, at the time this petition was filed.

Petitioner earned a college degree with a major in banking. He earned his living as a carpenter during the years in issue. Petitioner failed to file U.S. Individual Income Tax Returns for each of the years 1989 through 1995. He asserts that he did not believe he had to file tax returns until he was ordered by a Court to do so. The only source for this alleged belief was "a little bit of studying * * * [with] a group of people who get together in the form of a study group."

OPINION

Respondent determined that petitioner is liable for the section 6651(a)(1) addition to tax for 1989, 1990, 1991, 1992, and 1993. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless the taxpayer establishes that the failure did not result from "willful neglect" and that the failure was due to "reasonable cause". "Willful neglect" has been interpreted to mean a conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241,

245-246 (1985).  "Reasonable cause" requires the taxpayer to demonstrate that the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file a return within the prescribed time.  Id. at 246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner has not shown that he exercised reasonable care with regard to his failure to file returns.  He has simply argued that he believed he had no duty to file a tax return in the absence of a court order.  This alleged belief was based on discussions petitioner had with other laypersons, not on any advice received from tax professionals.

Assuming that petitioner is truthful about his belief, it does not constitute reasonable cause under section 6651(a)(1). It was not bolstered by advice from a competent tax professional who had been informed of all the relevant facts.  Yale Ave. Corp. v. Commissioner, 58 T.C. 1062, 1076-1077 (1972); Stevens Bros. Found., Inc. v. Commissioner, 39 T.C. 93, 133 (1962), affd. on this issue, revd in part and remanded 324 F.2d 633, 646 (8th Cir. 1963); cf. United States v. Boyle, supra.

The preponderance of the evidence in the instant case shows (1) that petitioner, a college graduate, intentionally failed to file tax returns, based on an alleged belief that had no basis in

fact or law, and (2) that he did not seek the advice of competent tax professionals fully informed as to the facts of petitioner's situation.  Therefore, the additions to tax under section 6651(a) must be sustained.  The additions to tax under section 6654 are mandatory absent exceptions not applicable here.  Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

We hold that petitioner is liable for the additions to tax under sections 6651(a)(1) and 6654 for each of the years 1989 through 1993.

In order to take account of the foregoing,

Decision will be entered

under Rule 155.